**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Proposed Intervenor Stanford Chen*

[*Additional Counsel listed on Signature Block*]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID PILL, derivatively on behalf of SUPER MICRO COMPUTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES LIANG, DAVID WEIGAND, YIH-SHYAN "WALLY" LIAW, SARA LIU, TALLY LIU, SHERMAN TUAN, JUDY LIN, ROBERT BLAIR, SUSAN MOGENSEN a/k/a SUSIE GIORDANO, and SCOTT ANGEL,<br><br>Defendants,<br><br>and<br><br>SUPER MICRO COMPUTER, INC.,<br>Nominal Defendant. | Case No. 3:26-cv-04775-JSC<br><br>**NOTICE OF MOTION AND MOTION OF STANFORD CHEN FOR PERMISSIVE INTERVENTION AND CROSS-MOTION TO CONSOLIDATE RELATED DERIVATIVE ACTIONS, APPOINT LEAD COUNSEL, AND APPOINT LEAD PLAINTIFFS**<br><br>Date: November 19, 2026<br>Time: 10:00 a.m.<br>Courtroom: 8<br>Judge: Hon. Jacqueline Scott Corley |

| | |
|---|---|
| JOSEPH CEPEDA, derivatively on behalf of SUPER MICRO COMPUTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES LIANG, SARA LIU, DAVID WEIGAND, SCOTT ANGEL, SHERMAN TUAN, TALLY LIU, JUDY LIN, ROBERT BLAIR, SUSAN MOGENSEN a/k/a SUSIE GIORDANO, YIH-SHYAN LIAW, DON CLEGG, GEORGE KAO, and DANIEL FAIRFAX,<br><br>Defendants,<br><br>and<br><br>SUPER MICRO COMPUTER, INC.,<br>Nominal Defendant. | Case No. 3:26-cv-07081-JSC |
| PRATCHI ROY, derivatively on behalf of SUPER MICRO COMPUTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES LIANG, YIH-SHYAN (WALLY) LIAW, DAVID WEIGAND, SCOTT ANGEL, ROBERT BLAIR, DANIEL FAIRFAX, SUSIE GIORDANO a.k.a. SUSAN MORGENSEN, JUDY LIN, SARA LIU, TALLY LIU, and SHERMAN TUAN,<br><br>Defendants,<br><br>and<br><br>SUPER MICRO COMPUTER, INC.,<br><br>Nominal Defendant. | Case No. 3:26-cv-08757-JSC |

| | |
|---|---|
| STANFORD CHEN, derivatively on behalf of SUPER MICRO COMPUTER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES LIANG, YIH-SHYAN (WALLY) LIAW, DAVID WEIGAND, SCOTT ANGEL, ROBERT BLAIR, DANIEL FAIRFAX, SUSIE GIORDANO a.k.a. SUSAN MOGENSEN, JUDY LIN, SARA LIU, TALLY LIU, and SHERMAN TUAN,<br><br>Defendants,<br><br>and<br><br>SUPER MICRO COMPUTER, INC.,<br><br>Nominal Defendant. | Case No. 3:26-cv-11996 |

# TABLE OF CONTENTS


NOTICE OF MOTION AND MOTION ........ 1

STATEMENT OF ISSUES ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 3

A. Factual Background ........ 3

B. Procedural Background ........ 4

III. CHEN'S MOTION TO INTERVENE ........ 5

A. Chen Satisfies the Requirements for Permissive Intervention Under Rule 24(b) ........ 5

B. Chen Has Satisfied Rule 24(c) ........ 6

IV. CHEN'S CROSS-MOTION TO CONSOLIDATE RELATED DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL, AND APPOINT CO-LEAD PLAINTIFFS ........ 6

A. The *Chen* Action and the Related Derivative Actions Should be Consolidated ........ 6

B. Rosen Law and Brown Law Should be Appointed as Co-Lead Counsel for the Consolidated Action ........ 7

i. Quality of the Pleadings ........ 8

ii. Vigorousness of the Prosecution ........ 10

iii. Capabilities of Counsel ........ 10

1. Rosen Law's Unique Experience with Companies with Operations in China ........ 12

C. Chen and Roy Should be Appointed as Co-Lead Plaintiffs ........ 13

V. CONCLUSION ........ 14

## TABLE OF AUTHORITIES

**Cases**

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) .......... 5

*Behrendsen v. Yangtze River Port and Logistics Ltd.*,
2021 WL 2646353 (E.D.N.Y. June 28, 2021) .......... 13

*Berg v. Guthart*,
2014 WL 3749780 (N.D. Cal. July 30, 2014) .......... 8

*Christine Asia Co. Ltd. v. Yun Ma*,
2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019) .......... 13

*Dean v. China Agritech, Inc.*,
2011 WL 5148598 (C.D. Cal. Oct. 27, 2011) .......... 13

*Easton v. Bailey*,
2013 WL 12323847 (C.D. Cal. Jan. 4, 2013) .......... 7

*Green Meadows Partners LLP v. Tomkinson*,
2006 WL 6885989 (C.D. Cal. June 6, 2006) .......... 7

*Gronich v. Omega Healthcare Invs., Inc.*,
2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018) .......... 10

*Henning v. Orient Paper, Inc.*,
2011 WL 2909322 (C.D. Cal. July 20, 2011) .......... 13

*Hirt v. U.S. Timberlands Serv. Co. LLC*,
2002 WL 1558342 (Del. Ch. July 3, 2002) .......... 8

*Hufnagle v. RINO International Corp.*,
2013 WL 3976833 (C.D. Cal. Aug. 1, 2013) .......... 13

*In re 3D Sys. Sec. Litig.*,
2024 WL 50909 (E.D.N.Y. Jan. 4, 2024) .......... 10

*In re China Educ. Alliance, Inc. Sec. Litig.*,
2011 WL 4978483 (C.D. Cal. Oct. 11, 2011) .......... 13

*In re comScore, Inc. Shareholder Derivative Litig*,
Case No. 1:16-cv-09855-JGK (S.D.N.Y.) .......... 12

*In re comScore, Inc. Va. Shareholder Derivative Litig.*,
No. CL-2016-009465 (Va. Cir. Ct., Fairfax Cnty.) .......... 11-12

*In re Didi Glob. Inc. Sec. Litig.*,
2024 WL 1119483 (S.D.N.Y. Mar. 14, 2024) .......... 12

*In re Didi Global Inc. Securities Litigation*,
2026 WL 1735235 (S.D.N.Y. June 16, 2026) .......... 13

*In re Emisphere Tech. Inc. S'holders Litig.*,
2021 WL 5815994 (Del. Ch. Dec. 6, 2021) .......... 9

*In re Fuwei Films Sec. Litig.*,
634 F. Supp. 2d 419 (S.D.N.Y. 2009) .......... 12

*In re Inotiv Stockholder Derivative Litigation*,
Lead Case No. 4:22-cv-00064-PPS-AZ (N.D. Ind., March 19, 2026) .......... 11

*In re NIO, Inc. Sec. Litig.*,
2021 WL 3566300 (E.D.N.Y. Aug. 12, 2021) .......... 12

*In re NIO, Inc. Sec. Litig.*,
2023 WL 5048615 (E.D.N.Y. Aug. 8, 2023) .......... 10

*In re Vanguard Chester Funds Litigation,*
625 F. Supp. 3d 362 (E.D. Pa. 2022) .......... 11

*In re Wells Fargo & Co. Hiring Practices Derivative Litig.*,
2023 WL 4536883 (N.D. Cal. July 13, 2023) .......... 5, 6

*KBC Asset Mgmt. NV ex rel Chemed Corp. v. McNamara*,
78 F. Supp. 3d 599 (D. Del. 2015) .......... 14

*Khunt v. Alibaba Group Holding Ltd.*,
102 F. Supp. 3d 523 (S.D.N.Y. 2015) .......... 12

*Kistenmacher v. Atchison*,
2020 WL 2620676 (Del. Ch. May 22, 2020) .......... 11

*Lewy v. SkyPeople Fruit Juice, Inc.*,
2012 WL 3957916 (S.D.N.Y. Sept. 10, 2012) .......... 12

*MacAlister v. Guterma*,
263 F.2d 65 (2d Cir. 1958) .......... 7

*Munoz v. China Expert Technology, Inc.,*
2011 WL 5346323 (S.D.N.Y. Nov. 7, 2011) .......... 12

*Nally v. Reichental*,
2017 WL 1135122 (D.S.C. Mar. 27, 2017) .......... 7

*Nicolow v. Hewlett Packard Co.*,
2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ........ 10

*Perry v. Duoyuan Printing, Inc.*,
2013 WL 4505199 (S.D.N.Y. Aug. 22, 2013) ........ 13

*Resnik v. Woertz*,
774 F. Supp. 2d 614 (D. Del. 2011) ........ 9

*Rose v. Deer Consumer Products, Inc.*,
2011 WL 6951969 (C.D. Cal. Dec. 29, 2011) ........ 12

*Silva v. Broussard*,
2025 WL 2824921 (W.D. Ky. Oct. 3, 2025) ........ 8

*Snellink v. Gulf Res., Inc.*,
870 F. Supp. 2d 930 (C.D. Cal. 2012) ........ 13

*Stream SICAV v. Wang*,
989 F. Supp. 2d 264 (S.D.N.Y. 2013) ........ 13

*Vanleeuwen v. Keyuan Petrochemicals, Inc.*,
2013 WL 2247394 (C.D. Cal May 9, 2013) ........ 13

*Vanleeuwen v. Keyuan Petrochemicals, Inc.*,
2014 WL 3891351 (S.D.N.Y. Aug. 8, 2014) ........ 13

**Statutes**

15 U.S.C. § 78aa(a) ........ 5

28 U.S.C. §§ 1331, 1367(a) ........ 5

**Rules**

Fed. R. Civ. P. 24(b) ........ 1, 5, 6

Fed. R. Civ. P. 24(b)(1)(B) ........ 5

Fed. R. Civ. P. 24(b)(3) ........ 5

Fed. R. Civ. P. 24(c) ........ 6

Fed. R. Civ. P. 42(a) ........ 6, 7

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on November 19, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Jacqueline Scott Corley, Proposed Intervenor Stanford Chen ("Chen" or "Proposed Intervenor") will move the Court pursuant to Federal Rule of Civil Procedure 24(b) for an order permitting Chen to intervene in the above-captioned actions for the limited purpose of participating in the pending consolidation and leadership proceedings. Chen also cross-moves to consolidate the *Chen* Action with the Related Derivative Actions (defined below), appoint Co-Lead Counsel, and appoint Co-Lead Plaintiffs ("Cross-Motion") for the reasons set forth herein.

Chen's motion to intervene and cross-motion (the "Motion and Cross-Motion") is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Laurence M. Rosen ("Rosen Declaration"), including Chen's Verified Shareholder Derivative Complaint, attached as Exhibit A to the Rosen Declaration, the pleadings and papers on file in the above-captioned actions, and such other matters as the Court may consider.

## STATEMENT OF ISSUES

Whether Proposed Intervenor should be permitted to intervene in the Related Derivative Actions pursuant to Federal Rule of Civil Procedure 24(b) for the limited purpose of participating in the pending consolidation and leadership proceedings, and whether the Court should consolidate the *Chen* Action with the Related Derivative Actions and appoint Co-Lead Counsel and Co-Lead Plaintiffs.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On October 15, 2026, Chen, a Super Micro Computer, Inc. ("Super Micro" or the "Company") stockholder since September 2021, filed a shareholder derivative action on behalf of the Company arising from the same core alleged misconduct at issue in the Related Derivative Actions and

Securities Class Action pending before this Court.[1] *See Chen v. Liang, et al.*, Case No. 3:26-cv-11996 (N.D. Cal.) (the "*Chen* Action"). The *Chen* Action names substantially the same defendants, asserts substantially overlapping claims, and presents the same core questions of law and fact as the Related Derivative Actions.[2]

On October 1, 2026, Plaintiff Pratchi Roy ("Roy") filed a Motion to Consolidate Related Derivative Actions and Appoint Lead Counsel ("Consolidation and Leadership Motion") (ECF No. 36, *Pill* Action), requesting that the Court consolidate the *Roy* Action with the *Pill* and *Cepeda* Actions and appoint Roy's counsel, The Brown Law Firm, P.C. ("Brown Law") as Lead Counsel. The Consolidation and Leadership Motion is pending in the Related Derivative Actions and is set for hearing on November 5, 2026.

Through the instant Motion and Cross-Motion, Chen seeks limited intervention to participate in the pending consolidation and leadership proceedings. Chen also cross-moves for consolidation of the *Chen* Action with the Related Derivative Actions, appointment of his counsel as Co-Lead Counsel, and appointment of Roy and Chen as Co-Lead Plaintiff. Chen's counsel, The Rosen Law Firm, P.A. ("Rosen Law"), and his additional counsel, Brown Law, which also represents Roy, have agreed to seek the appointment of Co-Lead Counsel and Co-Lead Plaintiffs in the consolidated derivative action. *See* Rosen Declaration, ¶3.

The requested intervention is not to delay the proceedings or prejudice any existing party.

---

[1] The "Related Derivative Actions" are *Pill v. Liang, et al.*, Case No. 3:26-cv-04775-JSC (N.D. Cal.) (the "*Pill* Action"); *Cepeda v. Liang, et al.*, Case No. 3:26-cv-07081-JSC (N.D. Cal.) (the "*Cepeda* Action"); and *Roy v. Liang, et al.*, Case No. 3:26-cv-08757-JSC (N.D. Cal.) (the "*Roy* Action"). The "Securities Class Action" is *In re Super Micro Computer, Inc. Securities Litigation*, Case No. 3:26-cv-02606-JSC (N.D. Cal.). Unless otherwise specified, all internal quotation marks and citations herein are omitted and all emphasis is added.

[2] Chen anticipates filing an Administrative Motion to Consider Whether Cases Should Be Related (the "Relation Motion") to request that the *Chen* Action be related to the Securities Class Action as were the Related Derivative Actions. The Relation Motion will seek to have the *Chen* Action before the same Court already overseeing these substantially overlapping proceedings of the Securities Class Action and Related Derivative Actions, thereby avoiding duplicative proceedings or potentially inconsistent rulings.

Rather, the limited intervention will permit the Court to address consolidation and leadership of the overlapping derivative actions in an orderly and efficient manner. Accordingly, Chen respectfully requests that the Court permit him to intervene and grant his Cross-Motion to consolidate the *Chen* Action with the Related Derivative Actions and appoint Rosen Law and Brown Law as Co-Lead Counsel and Roy and Chen as Co-Lead Plaintiffs.

## II. BACKGROUND

### A. Factual Background

Super Micro designs and sells enterprise IT systems that commonly incorporate advanced AI graphics processing units ("GPUs") manufactured by Nvidia Corporation. *Chen* Complaint, ¶¶2-3. Because of their strategic significance, these GPUs are subject to stringent U.S. export controls. Beginning in or around October 2022, the U.S. government restricted the export of GPUs to China and Hong Kong, including through indirect transfers through third countries. *Id*. ¶¶3-5. The *Chen* Action alleges that, from February 2, 2024 through June 29, 2026 (the "Relevant Period"), the Individual Defendants caused Super Micro to divert restricted GPU-equipped servers to China and to pressure the Company's compliance team into approving those shipments (the "Diversion Misconduct"). This Diversion Misconduct was a substantial portion of Super Micro's sales of servers. The servers containing restricted U.S. AI technology that were diverted to China-based customers made up a substantial portion of Super Micro's sales, in violation of U.S. export control laws. As a result of the Diversion Misconduct, the Company's sales were artificially inflated to unsustainable numbers and the Company lacked adequate internal controls to ensure compliance with U.S. export laws.

The truth of the misconduct began to emerge on March 19, 2026, when the Department of Justice unsealed an indictment charging Defendant Liaw and two other Super Micro affiliates with a scheme to divert servers containing U.S. AI technology to China. The indictment alleged that billions of dollars in Super Micro's sales violated U.S. export laws. *Chen* Complaint, ¶9. As a result, Super Micro's stock price fell roughly 33.3%. *Id*. ¶10. Then, on June 29, 2026, media outlets reported that Taiwanese authorities raided Super Micro's Taiwan offices and were investigating nine individuals,

four of them Super Micro employees, for trans-shipping servers to China. The Company's stock fell another 8.1%. *Id.* ¶¶11-12. The *Chen* Action alleges that Super Micro was harmed as a result including by: its exposure to the Securities Class Action and the costs of internal investigations and remediation (*id.* ¶18); an overpayment of approximately $62.3 million on roughly $200 million in stock repurchases made at artificially inflated prices (*id.* ¶17); and during the Relevant Period, seven of the Individual Defendants reaped approximately $50.6 million through insider sales. *Id.* ¶16.

**B. Procedural Background**

On May 19, 2026, Plaintiff David Pill filed a derivative action on behalf of Super Micro asserting claims under Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), contribution under Section 21D of the Exchange Act, breach of fiduciary duty, and unjust enrichment. On June 8, 2026, the Court *sua sponte* related the *Pill* Action to the Securities Class Action. (*Pill* Action, ECF No. 16).

On July 10, 2026, Plaintiff Joseph Cepeda filed a derivative action on behalf of nominal defendant Super Micro alleging violations of Section 14(a) of the Exchange Act, breach of fiduciary duty and unjust enrichment. On August 6, 2026, the Court related the *Cepeda* Action to the Securities Class Action. (*Cepeda* Action, ECF No. 11).

On August 21, 2026, Plaintiff Roy filed a derivative action on behalf of Super Micro asserting claims under Section 14(a) of the Exchange Act, claims under Section 10(b), Rule 10b-5, and Section 20(a) of the Exchange Act arising from improper stock repurchases, contribution under Section 21D of the Exchange Act, as well as claims for breach of fiduciary duty, unjust enrichment, and waste of corporate assets. On September 9, 2026, the Court *sua sponte* related the *Roy* Action to the Securities Class Action. (*Roy* Action, ECF No. 20).

On October 1, 2026, Roy filed the Consolidation and Leadership Motion, noticing it for a November 5, 2026 hearing date.

On October 15, 2026, Chen filed his derivative action on behalf of Super Micro, asserting claims under Sections 10(b), 14(a), and 20(a) of the Exchange Act, as well as a claim for contribution under Section 21D, and breach of fiduciary duties, unjust enrichment, abuse of control, gross

mismanagement, and waste of corporate assets.

## III. CHEN'S MOTION TO INTERVENE

Federal Rule of Civil Procedure 24(b)(1)(B) permits a court, on timely motion, to allow intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In the Ninth Circuit, permissive intervention is appropriate where the movant establishes "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). In exercising its discretion, the Court also considers whether intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Each requirement is satisfied here.

### A. Chen Satisfies the Requirements for Permissive Intervention Under Rule 24(b)

First, there is an independent basis for federal jurisdiction over Chen's claims. The *Chen* Action asserts claims under Sections 10(b), 14(a), and 20(a) of the Exchange Act, as well as a claim for contribution under Section 21D, and related state-law derivative claims over which the Court may exercise supplemental jurisdiction. *See* 15 U.S.C. § 78aa(a); 28 U.S.C. §§ 1331, 1367(a).

Second, Chen's request for intervention is timely. Chen filed the *Chen* Action and this Motion and Cross-Motion on October 15, 2026, before the Court has held a hearing or ruled on consolidation or leadership. *See In re Wells Fargo & Co. Hiring Practices Derivative Litig.*, 2023 WL 4536883, at *2 (N.D. Cal. July 13, 2023) (finding intervention timely where the case remained at an early stage and intervention would not prejudice the parties or disrupt the proceedings).

Third, Chen's claims share numerous questions of law and fact with the Related Derivative Actions. The *Chen* Action is brought derivatively on behalf of the Company, arises from the same alleged export-control violations and related failures of oversight, internal controls, and public disclosure, names substantially the same defendants, and asserts substantially overlapping claims. Indeed, Chen will also be moving to relate the *Chen* Action to the Securities Class Action and Related

Derivative Actions precisely because they concern substantially the same transactions, events, parties, and legal issues. These substantial overlaps readily satisfy Rule 24(b)'s common-question requirement. *See Wells Fargo*, 2023 WL 4536883, at *4 (finding threshold requirements for permissive intervention met where proposed intervenor sought to "assert the same legal claims regarding the same set of facts as Plaintiffs").

Finally, the limited intervention Chen seeks will neither delay these proceedings nor prejudice any existing party. The consolidation and leadership issues have not yet been fully briefed and presented to the Court for a hearing, and permitting intervention will allow the Court to consider Chen's position together with submissions filed by other Super Micro shareholders. Significantly, given Chen's pending action, which arises from the same facts, the Court's determination of consolidation and leadership in the Related Derivative Actions will necessarily impact his claims. Thus, Chen, as an interested shareholder, should be heard on these issues.

### B. Chen Has Satisfied Rule 24(c)

Chen has also satisfied Rule 24(c), that requires a motion to intervene to "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). This Motion sets forth the grounds for Chen's requested limited intervention, and Chen's Verified Shareholder Derivative Complaint, submitted as Exhibit A to the Rosen Declaration, sets forth the derivative claims he asserts on behalf of Super Micro. Accordingly, Rule 24(c)'s requirements are satisfied.

## IV. CHEN'S CROSS-MOTION TO CONSOLIDATE RELATED DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL, AND APPOINT CO-LEAD PLAINTIFFS

### A. The *Chen* Action and the Related Derivative Actions Should be Consolidated

The *Chen* Action and the Related Derivative Actions should be consolidated pursuant to Fed. R. Civ. P. 42(a). Courts have discretion to determine whether actions involving overlapping questions of law and fact should be consolidated to avoid unnecessary costs, delay, or duplicative proceedings. "Consolidation of similar shareholder derivative actions can be particularly beneficial

to courts and parties by expediting pretrial proceedings, avoiding needless duplication, and minimizing expenditure of time, effort, and money." *Nally v. Reichental*, 2017 WL 1135122, at *2 (D.S.C. Mar. 27, 2017) (*citing MacAlister v. Guterma*, 263 F.2d 65, 68 (2d Cir. 1958)).

Consolidation is warranted here because the *Chen* Action and the Related Derivative Actions arise from substantially the same underlying alleged misconduct, involve overlapping defendants, and assert substantially similar claims on behalf of the same nominal defendant. Consolidation would promote judicial economy, conserve the resources of the Court and the parties, avoid duplicative proceedings, and minimize the risk of inconsistent rulings. Moreover, each of the above-captioned actions is in the early stages of litigation and thus, this is an appropriate time to consolidate. Consolidation would not prejudice any party as the actions are substantially related and seek to vindicate the same corporate interests. Accordingly, Chen respectfully requests that the Court exercise its discretion under Rule 42(a) to consolidate the *Chen* Action with the Related Derivative Actions for all purposes, including pretrial proceedings and trial.

### B. Rosen Law and Brown Law Should be Appointed as Co-Lead Counsel for the Consolidated Action

In order to proceed in an efficient manner, lead counsel should be appointed for the consolidated action. Chen respectfully requests that Rosen Law be appointed Co-Lead Counsel with Brown Law, which filed the *Roy* Action. Roy and Brown Law have consented to this relief in this Motion and Cross-Motion. *See* Rosen Declaration, ¶3.

When evaluating leadership motions in derivative litigation, courts consider several factors, including "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel." *Easton v. Bailey*, 2013 WL 12323847, at *1 (C.D. Cal. Jan. 4, 2013). "[T]he guiding principle is which counsel will best serve the interest of the plaintiffs." *Green Meadows Partners LLP v. Tomkinson*, 2006 WL 6885989, at *2 (C.D. Cal. June 6, 2006) (internal quotations omitted). These factors support appointing Rosen Law and Brown Law as Co-Lead Counsel. Not only are Roy's and Chen's complaints the most comprehensive current pleadings on file, but Brown Law's and Rosen Law's extensive experience litigating derivative cases, along with

Rosen Law's extensive experience litigating securities class actions and its unique expertise with issuers with Chinese operations, will be valuable for this litigation.

**i. Quality of the Pleadings**

As explained in the Consolidation and Leadership Motion, Roy's complaint is the only complaint in the Related Derivative Actions to utilize nonpublic books and records from the Company to support its allegations, providing here a superior basis for pleading liability and demand futility. Chen's complaint also is a high-quality pleading that uses available facts, public records, and developments in related litigation to present a strong derivative case. Courts routinely favor counsel who have developed the most comprehensive and well-researched pleadings. *See Berg v. Guthart*, 2014 WL 3749780, at *6 (N.D. Cal. July 30, 2014) ("[C]ourts have weighed this factor in favor of plaintiffs who had filed complaints that were 'more targeted, better researched, and more challenging for the defendants.'"); *Silva v. Broussard*, 2025 WL 2824921, at *5 (W.D. Ky. Oct. 3, 2025) (appointing counsel whose complaint had "a more expansive relevant period and assert[ed] additional allegations about Humana's CMS Star Ratings"). It is of no moment that the *Roy* Action and *Chen* Action were not filed first, but rather weight should be given to the quality of the complaints on file. *See, e.g.*, *Hirt v. U.S. Timberlands Serv. Co. LLC*, 2002 WL 1558342, at *2 (Del. Ch. July 3, 2002) ("[N]o special weight or status will be accorded to a lawsuit 'simply by virtue of having been filed earlier than any other pending action.'"). Here, Roy's and Chen's complaints are the most comprehensive, current, and litigation-ready pleadings on file. Together they plead the most expansive relevant period, including a series of corrective disclosures and subsequent developments, assert the broadest array of claims, and contain the most particularized allegations concerning demand futility, director knowledge, and the underlying misconduct, including allegations in Roy's complaint supported by nonpublic books and records.

Significantly, the *Chen* Action incorporates new allegations from the October 9, 2026 amended complaint in the Securities Class Action that more directly implicates senior management in the Diversion Misconduct. For instance, the *Chen* complaint draws on former employees who

describe Defendant Liang's direct involvement in approving sales and overseeing major customers, as well as Defendant Weigand's review of customer revenue and concentration reports, including the Company's substantial sales to Obon Corporation ("Obon"), and Weigand's formal process for reporting information about such customers to Defendant Liang.

The *Chen* Action also incorporates allegations from the Securities Class Action such as that approximately $1.73 billion in illicit sales to Obon enabled the Company to achieve a $21 billion revenue milestone under Defendant Liang's executive compensation plan that it otherwise would not have achieved. Also, the *Chen* Action includes additional details concerning the role of Flying Tiger Technology Co., a Taiwanese pass-through company, in the diversion of restricted servers to China. The *Chen* Action incorporates additional developments, including the June 9, 2026 Form 8-K disclosing the SEC and grand jury subpoenas, the June 29, 2026 Taiwanese raids, the August 24, 2026 announcement of criminal charges in Taiwan, the auditor's adverse internal-control opinion in the Company's August 31, 2026 Form 10-K, and the September 8, 2026 guilty plea of an alleged participant in the Diversion Misconduct.

The *Chen* Action also alleges that the Individual Defendants caused Super Micro to overpay by approximately $62.3 million to repurchase shares of its own stock; that seven of the Individual Defendants sold Company stock while in possession of material non-public information, reaping approximately $50.6 million in proceeds; and that both the 2025 and 2026 Proxy Statements procured stockholder approval of amendments adding shares to the Company's equity plan, from which the Director Defendants are eligible to receive rewards.

In sum, Roy's complaint incorporates nonpublic books and records, while Chen's complaint incorporates important developments, together supporting more robust causes of action on Super Micro's behalf. This supports appointing Brown Law and Rosen Law as Co-Lead Counsel. *See Resnik v. Woertz*, 774 F. Supp. 2d 614, 626 (D. Del. 2011) (appointing counsel who filed a more expansive complaint); *In re Emisphere Tech. Inc. S'holders Litig.*, 2021 WL 5815994, at *5 (Del. Ch. Dec. 6, 2021) (the "more comprehensive" complaint "provides more pathways to recovery" and therefore "presented the more compelling application").

**ii. Vigorousness of the Prosecution**

Courts also look to the diligence counsel has brought to investigating the claims and advancing the litigation, and to which counsel has shown the "superior ability to move this litigation forward effectively and efficiently." *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642, at *8 (N.D. Cal. Mar. 4, 2013). Brown Law's vigor is demonstrated by its books and records investigation, among other things, as described in the Consolidation and Leadership Motion. Rosen Law's vigor is reflected in the *Chen* complaint, which keeps pace with the most recent events concerning Super Micro and as alleged in the amended Securities Class Action complaint filed in October 2026. Rosen Law continued to monitor and investigate developments following the March 2026 Indictment, incorporating subsequent disclosures, grand jury subpoenas, foreign criminal charges, and related events that bear directly on the claims and support the additional claims that are broader than the *Pill* and *Cepeda* complaints. As a result, Chen's complaint reflects the current record and, together with Roy's complaint's nonpublic allegations, can serve as the foundation for a consolidated complaint with minimal revision needed. This demonstrated diligence favors appointing Brown Law and Rosen Law as Co-Lead Counsel.

**iii. Capabilities of Counsel**

Brown Law's capabilities are set forth in the Consolidation and Leadership Motion. Rosen Law has specialized and peer recognized experience in representing investors in securities class actions and shareholder derivative actions. As such, courts around the country have noted Rosen Law's consistent quality in representing investors. *See, e.g.*, *In re 3D Sys. Sec. Litig.*, 2024 WL 50909, at *8 (E.D.N.Y. Jan. 4, 2024) ("Plaintiffs have also demonstrated a commitment to the litigation by retaining qualified and experienced lead counsel [Rosen Law]."); *In re NIO, Inc. Sec. Litig.*, 2023 WL 5048615, at *17 (E.D.N.Y. Aug. 8, 2023) ("The Rosen Law Firm's depth of involvement as lead counsel throughout the discovery and litigation conducted over the past more than three years further supports [finding that it is well-qualified]"); *Gronich v. Omega Healthcare Invs., Inc.*, 2018 WL 1626078, at *4 (S.D.N.Y. Mar. 27, 2018) (Rosen Law "has experience prosecuting securities class

actions, and we have no reason to believe that it will not adequately represent the interests of the class.”).

Given Rosen Law’s expertise in both securities class action and shareholder derivative litigation, the firm has a deep familiarity with the types of securities claims at issue here as well as the same types of core substantive claims (*e.g.*, breach of fiduciary duty and unjust enrichment). In fact, Rosen Law is one of the top securities class action litigation firms in the country with a proven track record, having achieved numerous recoveries for investors for years. ISS Securities Class Action Services (“ISS”) ranked Rosen Law the number one firm for the number of securities class action settlements for 2017. Since 2013, Rosen Law has been ranked yearly by ISS as one of the top three firms in the nation as to the number of securities class action settlements obtained for investors.

After contested leadership briefing, the court in *In re Vanguard Chester Funds Litigation* appointed Rosen Law as lead counsel, recognizing that the firm “has experience litigating shareholder derivative actions and other complex matters[.]” 625 F. Supp. 3d 362, 369 (E.D. Pa. 2022). After years of protracted litigation including considerable motion practice and discovery, Rosen Law secured $25 million for a class of Vanguard customers, settling fiduciary duty claims. *In re Vanguard Chester Funds Litigation*, Case No. 2:22-cv-00955-JFM (E.D. Pa., Jan. 8, 2026) (ECF No. 209).

Rosen Law also has extensive experience in shareholder derivative litigation, serving as counsel in numerous derivative cases around the country. Some significant recent accomplishments in derivative litigations include *In re Inotiv Stockholder Derivative Litigation*, Lead Case No. 4:22-cv-00064-PPS-AZ (N.D. Ind., March 19, 2026) where Rosen Law as Co-Lead Counsel secured a $2.49 million payment to the company as well as corporate governance reforms. Another accomplishment includes *Kistenmacher v. Atchison*, 2020 WL 2620676, at *1 (Del. Ch. May 22, 2020) (securing settlement on behalf of SeaWorld which included $12.5 million cash payment and substantial corporate governance reforms). Rosen Law, as co-lead counsel, also helped secure a $10 million cash payment for comScore, Inc. and caused the company to institute a vast array of reforms to its corporate governance in connection with various breaches of fiduciary duty by comScore’s management and directors. *In re comScore, Inc. Va. Shareholder Derivative Litig.,* No. CL-2016-

0009465 (Va. Cir. Ct., Fairfax Cnty.); *In re comScore, Inc. Shareholder Derivative Litig.*, Case No. 1:16-cv-09855-JGK (S.D.N.Y.). Thus, Brown Law and Rosen Law are well qualified to serve as Co-Lead Counsel.

**1. Rosen Law's Unique Experience with Companies with Operations in China**

Further distinguishing Rosen Law is that Rosen Law has extensive experience litigating numerous securities class actions against Chinese issuers, companies with China-based operations, and Chinese-centric issues that arise in cases such as this. Although Super Micro is based in the United States, the alleged misconduct involves the diversion of restricted servers to China and related activities in Taiwan, adding a layer of complexity that Rosen Law has the demonstrated capability of handling.

As demonstrated in its firm resume (Exhibit B to Rosen Declaration), Rosen Law employs Chinese-trained and Chinese-speaking counsel as well as other professionals on staff who are familiar with handling cases with relation to China. Indeed, in appointing Rosen Law as Lead Counsel in the *Alibaba* securities case, Judge Colleen McMahon explained that "the Rosen firm has extensive experience navigating the particular complexities of litigation with Chinese companies that may claim a state secrets privilege" and "employs fluent Chinese speakers." *Khunt v. Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523, 540 (S.D.N.Y. 2015). Moreover, Rosen Law has also been on the forefront of litigating issues relating to Chinese companies. *E.g., Munoz v. China Expert Technology, Inc.*, 2011 WL 5346323 (S.D.N.Y. Nov. 7, 2011) (issues concerning Chinese State Secrecy laws and discovery in China) and *Rose v. Deer Consumer Products, Inc.*, 2011 WL 6951969 (C.D. Cal. Dec. 29, 2011) (service of process issues relating to PRC defendants). Rosen Law has also successfully prosecuted claims against Chinese issuers by defeating numerous dismissal motions in such actions.[3]

[3] A sampling of such cases includes: *In re Didi Glob. Inc. Sec. Litig.*, 2024 WL 1119483, at *1 (S.D.N.Y. Mar. 14, 2024); *In re NIO, Inc. Sec. Litig.*, 2021 WL 3566300, at *1 (E.D.N.Y. Aug. 12, 2021); *In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419 (S.D.N.Y. 2009*); Lewy v. SkyPeople Fruit Juice, Inc.*, 2012 WL 3957916 (S.D.N.Y. Sept. 10, 2012); *Stream SICAV v. Wang,* 989 F. Supp. 2d

Rosen Law has been able to leverage its resources and its Chinese know-how to secure a $250 million cash settlement from Alibaba after extensive discovery—including review of 1.1 million pages of documents (nearly all of the documents being in Chinese), 22 fact depositions—many of which were in Hong Kong—substantial expert discovery, and class certification. *Christine Asia Co. Ltd. v. Yun Ma*, 2019 WL 5257534, at *4-*6 (S.D.N.Y. Oct. 16, 2019). At the time, this was the largest settlement against a Chinese issuer. Since then, Rosen Law surpassed that recovery, obtaining a $740 million settlement for Didi Global Inc. investors (*In re Didi Global Inc. Securities Litigation*, 2026 WL 1735235 (S.D.N.Y. June 16, 2026)) which is now the largest securities settlement with a Chinese issuer. Like in Alibaba, Rosen Law engaged in extensive motion practice and substantial discovery, including taking and defending 20 depositions (most in Hong Kong), reviewing over 3 million pages of documents, and filing numerous motions to compel. Given this experience, the derivative claims on Super Micro's behalf will receive excellent legal representation should Rosen Law be appointed Co-Lead Counsel.

### C. Chen and Roy Should be Appointed as Co-Lead Plaintiffs

Chen and Roy should be appointed as Co-Lead Plaintiffs for the consolidated action. Although courts are not required to appoint lead plaintiffs in shareholder derivative actions, they retain broad discretion to establish a leadership structure that coordinates the prosecution of complex litigation. While Roy did not seek appointment as lead plaintiff in the Consolidation and Leadership Motion, Chen and Roy are each qualified and well-suited to serve as Co-Lead Plaintiffs. Both have been long-

---

264 (S.D.N.Y. 2013); *Perry v. Duoyuan Printing, Inc.*, 2013 WL 4505199 (S.D.N.Y. Aug. 22, 2013); *In re China Educ. Alliance, Inc. Sec. Litig.*, 2011 WL 4978483 (C.D. Cal. Oct. 11, 2011); *Hufnagle v. RINO International Corp.*, 2013 WL 3976833 (C.D. Cal. Aug. 1, 2013) (denial of motion filed by auditor of PRC company); *Henning v. Orient Paper, Inc.*, 2011 WL 2909322 (C.D. Cal. July 20, 2011*); Snellink v. Gulf Res., Inc.*, 870 F. Supp. 2d 930 (C.D. Cal. 2012); *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, 2013 WL 2247394 (C.D. Cal May 9, 2013); *Dean v. China Agritech, Inc.*, 2011 WL 5148598 (C.D. Cal. Oct. 27, 2011);*Vanleeuwen v. Keyuan Petrochemicals, Inc.,* 2014 WL 3891351 (S.D.N.Y. Aug. 8, 2014); *Behrendsen v. Yangtze River Port and Logistics Ltd.*, 2021 WL 2646353 (E.D.N.Y. June 28, 2021).

standing, continuous Super Micro shareholders. Indeed, Chen has continuously held Super Micro shares since September 2021 (*Chen* Complaint, ¶25), long before the start of the Relevant Period on February 2, 2024. Roy has been a Super Micro shareholder since August 7, 2024. (*Roy* Action, ECF No. 28). Roy and Chen together thus have standing to pursue claims across the entire relevant period and are highly motivated to ensure that the litigation is conducted efficiently and effectively. Accordingly, should the Court desire to appoint lead plaintiffs, Chen's and Roy's appointment as Co-Lead Plaintiffs would ensure that the litigation is prosecuted by plaintiffs who will "best represent shareholder interests." *KBC Asset Mgmt. NV ex rel Chemed Corp. v. McNamara*, 78 F. Supp. 3d 599, 603 (D. Del. 2015). Chen's counsel has conferred with Roy and Brown Law, who agree to the proposed appointment of Chen and Roy as Co-Lead Plaintiffs. *See* Rosen Declaration, ¶3.

Whether or not the Court elects to place plaintiffs in a leadership position, the Court should afford weight to Chen's and Roy's selection of counsel and appoint Rosen Law and Brown Law as Co-Lead Counsel.

## V. CONCLUSION

For the foregoing reasons, Chen respectfully requests that the Court permit him to intervene for the limited purpose of participating in the pending consolidation and leadership proceedings, and grant his Cross-Motion to consolidate the *Chen* Action with the Related Derivative Actions, appoint Rosen Law as Co-Lead Counsel with Brown Law, and appoint Chen and Roy as Co-Lead Plaintiffs.

Dated: October 15, 2026

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

*/s/ Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Phillip Kim
Erica L. Stone
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: philkim@rosenlegal.com
Email: estone@rosenlegal.com

*Counsel for Proposed Intervenor Stanford Chen*

**THE BROWN LAW FIRM, P.C.**
Robert C. Moest, Of Counsel, SBN 62166
2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Email: RMoest@gmail.com

*Additional Counsel for Proposed Intervenor Stanford Chen*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List. All parties not so registered will be served via e-mail.

*/s/ Laurence M. Rosen*
Laurence M. Rosen